## KITTREDGE *vs.* BROWN.

An admission by an individual that there is something due from him on account, with a promise of payment, will take a case out of the statute of limitations, but will justify a recovery only for a nominal sum.

Where, subsequent to such promise, the amount due on the account has been admitted, it will be evidence tending to show the extent of the promise, and that the party designed to hold himself liable in such sum.

THIS was an action of assumpsit, commenced July 8, 1837, upon an account annexed to the plaintiff's writ, amounting to $44.38, for services rendered by the plaintiff, as a physician, to the defendant and his family. The several charges in the account were between the dates of April 30, 1820, and November 20, 1825.

The defendant pleaded the statute of limitations, to which the plaintiff replied, alleging a new promise.

A witness, introduced by the plaintiff, testified that in the fall of 1835 he heard a conversation between the parties, in which the plaintiff said : " There is an account between you and I ;" and upon the defendant's answering, "that there was," the plaintiff added,—" Well, you will call over soon, and settle it ;" to which the defendant answered, ' Yes.' The plaintiff further observed—"You know that there is something my due," and the defendant answered, "Yes."

The defendant added, " It has been of long standing, and ought to be settled." Soon after, the plaintiff observed, " It is outlawed, but that shall not make any difference about our settlement, shall it ?" To which the defendant replied, " No, it is honestly due."

The same witness testified that last fall he enquired of the defendant, how he came to quitclaim certain property to his son ? He answered, " If I had not, the doctor (meaning the plaintiff) would have got his debt, and I should have had to have paid it."

The witness said they were not then speaking of this case particularly.

Another witness on behalf of the plaintiff testified that about the first of August, 1836, he had a conversation with the defendant, in which the latter said, " that the plaintiff's account was due him, but it belonged to his son to pay it." He also said " he did not know how much the plaintiff's account would be, but he thought it would be $25 or $30, and perhaps more ; that his son had his property, and was bound to pay the doctor's bills, and to maintain him ; that the plaintiff might have got his pay several years before, if he had called upon his son for it.

No accounts or papers were exhibited at any of these conversations.

A verdict was taken by the plaintiff, for the amount of his account, subject to be set aside, and a verdict entered for a less sum, or for the defendant, according to the opinion of the court on the above case.

*Bell,* for the plaintiff.

*H. F. French,* for the defendant.

Upham, J. The confession made by the defendant, that there was something due the plaintiff on account, with the promise that the fact of its being outlawed should make no

difference, brings this case within that of *Walker* vs. *East-man*, 6 *N. H. R.* 367, and entitles the plaintiff to the recovery of a nominal sum.

It has been contended, however, that such confession opens the claim on account to the admission of the ordinary evidence to sustain it, and that whatever sum is proved to be due on trial should be considered as so much acknowledged by the debtor, which he is ready and willing to pay.

Can this position be sustained?

It is well settled that a conditional, or limited promise of payment of a debt, barred by the statute of limitations, revives the claim no further than the actual extent of the promise. *Exeter Bank* vs. *Sullivan*, 6 *N. H. R.* 124, *and authorities there cited.*

The admission of the party is to be taken as he makes it, and he is to be charged on that alone.

An admission that there was something due on account on a claim *not barred by statute*, would be a mere admission of a nominal sum, and would not relieve the plaintiff in any ordinary trial from full proof of such account, if any thing was claimed beyond a nominal recovery. If so, its effect could not be greater in a case barred by the statute of limitations.

But where there is a promise to pay any thing on account, and there is testimony to show the amount the party conceives to be due, the promise will extend to such sum.

In this case there is evidence to this effect. In a conversation subsequent to that we have referred to, the defendant said he did not know how much the plaintiff's account would be, but he thought it would be twenty-five or thirty dollars, and perhaps more. He said that his son had his property, and was bound to pay his doctor's bills, and to maintain him; but this declaration is no denial of his own liability to the plaintiff, but merely an assertion that, as between his son and himself, the son should pay the debt.

The promise to pay may be connected with the amount

here confessed to be due, as showing the extent to which the plaintiff designed to bind himself in making such promise. The declarations together show a liability on account of at least twenty-five dollars, and a willingness to pay that sum, or such evidence of a willingness to pay as would be competent to submit to a jury. There should, therefore, be judgment for that amount, according to the agreement in the case. *Judgment for the plaintiff.*